IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOREEN SHING,

 Plaintiff,

v.

             Civil No. 23-3415-BAH

CENTER FOR MEDICARE SERVICES *et al.*,

 Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pro se Plaintiff Doreen Shing ("Plaintiff") brings this case for injunctive relief against the Center for Medicare and Medicaid Services[1] ("CMS"), the Maryland Department of Health ("MDH"), the Maryland Developmental Disabilities Administration ("DDA"), and the Arc of the Chesapeake ("the Arc" and, collectively, "Defendants"), alleging constitutional and statutory violations relating to Plaintiff's receipt of "self-directed personal assistant services and supports" benefits. ECF 1, at 1 (capitalization omitted). Now pending before the Court are several motions: Plaintiff's motion for injunctive relief, ECF 1; Plaintiff's motion for alternative dispute resolution, ECF 2; MDH's an DDA's motion to dismiss or, in the alternative, for summary judgment,[2] ECF

---

[1] Though Plaintiff refers to the "Center for Medicare Services" in her filings, *see* ECF 1, at 1, the proper name of this entity includes reference to both "Medicare" and "Medicaid." *See* ECF 29, at 1.

[2] In response to the motion to dismiss or, in the alternative, for summary judgment filed by MDH and DDA, Plaintiff filed a motion to strike. ECF 16. In this filing, Plaintiff opposes the motion by MDH and DDA. *See id.* As this is an improper use of a motion to strike, the Court construes this filing merely as an opposition to the motion to dismiss. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Plaintiff's motion to strike, ECF 16, is **DENIED**.

11; the Arc's motion to dismiss, ECF 13; Plaintiff's motion for alternative service, ECF 17; Plaintiff's motion for leave to amend, ECF 18; Plaintiff's motion for default,[3] ECF 25; and Plaintiff's motion for an in-person hearing, ECF 27. Each of these motions is now ripe either because it has been fully briefed by the parties or because the time for doing so has expired.[4] The Court has reviewed all relevant filings[5] and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons below, Plaintiff's original motion for a permanent injunction, ECF 1, construed as a complaint, is **DISMISSED** without prejudice, and the motion to dismiss filed by MDH and DDA, ECF 11, and the motion to dismiss filed by the Arc, ECF 13, are **GRANTED**. Plaintiff is given **TWENTY-ONE DAYS** to file a proposed amended complaint with the Court. She is cautioned that should she fail to do so, this case will be dismissed with prejudice with no further warning. Plaintiff's motion for default, ECF 25, is **DENIED**, but Plaintiff is given twenty-one days to effect proper service upon CMS after her amended complaint is filed. All other motions are **DENIED** as moot.

## I. BACKGROUND

Plaintiff "was born with static encephalopathy, cerebral palsy, left-sided hemiparesis, and repetitive seizure disorder," and was subsequently "diagnosed as being on the Autism Spectrum." ECF 1, at 1. She was awarded "24 hours a day, 7 days a week, 365 days a year Self-Directed

---

[3] Plaintiff also filed two additional documents entitled "Order of Default" which are duplicative of the motion at ECF 25. *See* ECFs 31, 32. As such, both of these motions are **DENIED** as moot.

[4] CMS also filed a motion to dismiss on April 25, 2024. ECF 35. This motion is not yet ripe as Plaintiff has not filed a response nor has the time to do so elapsed; however, the analysis resolving the other motions to dismiss moots CMS's motion, so CMS's motion to dismiss, ECF 35, will be **DENIED** as moot.

[5] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Personal Assistant Services and Supports under Federal Medicare Medicaid Laws" and has been receiving these benefits since they were awarded. *Id.* at 1–2.

According to Plaintiff, in June 2023, CMS began requiring that recipients of self-directed personal assistant services have their personal assistants use an app on their phones, which Plaintiff refers to as "EVVIE," to submit their timesheets for payment. *Id.* at 2. Plaintiff's complaint suggests that MDH, DDA, and the Arc are responsible in various ways for administering Plaintiff's benefits and are required to implement EVVIE by CMS. *Id.* ("The Md Dept. of Health, the Md Developmental Disabilities Adm. and The Arc of the Chesapeake are all subservient to CMS and receive most of their funding from the Federal Medicare Medicaid programs, including but not limited to the Self-Directed Personal Assistant Services Program." (all sic)).

Plaintiff claims that the EVVIE system is a "violation of the Rights to Privacy afforded to United Staes Citizens" under the Fourth, Fifth, and Fourteenth Amendments. *Id.* at 2. Plaintiff further claims that the EVVIE system violates the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA") and the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.*, ("DDABRA") by causing her an "undue hardship" because "potential employees have declined working for the plaintiff because they expressed that their privacy will be invaded" by EVVIE. *Id.* (capitalization omitted). Plaintiff seeks an injunction ordering Defendants to accept scanned and emailed paper timesheets and reimbursement forms from Plaintiff and her personal assistance employees. *Id.* at 3.

## II.   LEGAL STANDARD

Because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the

3

plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 08-0231, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009), *aff'd*, 368 F. App'x 361 (4th Cir. 2010) (first citing *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff [or petitioner]." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (noting that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"). "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

When presented with a motion to dismiss or, in the alternative, a motion for summary judgement, the disposition of the motion "implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020). "If,

4

on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Pro. 12(d). In this case, the motion filed by Defendants MDH and DDA is styled as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. ECF 11. The Court exercises its discretion to consider this motion as a motion to dismiss under Rule 12(b)(6). *Pevia*, 443 F. Supp. 3d at 625.

### III. ANALYSIS

The Court will address first the pending motions to dismiss, ECFs 11 and 13, and then the motion for default, ECF 25, before resolving the remaining motions.

#### A. Plaintiff's complaint fails to state a claim on which relief can be granted, and so the motions to dismiss are granted.

Between the two pending motions to dismiss, Defendants MDH, DDA, and the Arc raise several arguments for dismissal, many of which could independently be sufficient to result in dismissal of the entire complaint against the respective Defendants.[6] *See* ECF 11; ECF 13. In the interest of judicial efficiency, the Court addresses only one set of these arguments found to be determinative: that Plaintiff has failed to state a claim for relief on her constitutional claims, her claims under the ADA, or her claims under the DDABRA. ECF 11-1, at 10–14; ECF 13-1, at 6–10.

---

[6] With the filing of its motion to dismiss, the Arc has consented to the Court's jurisdiction, and, as such, Plaintiff's motion for alternative service on the Arc is **DENIED** as moot. *See, e.g., Dubois v. Maritimo Offshore Pty Ltd.*, 454 F. Supp. 3d 173, 179 (D. Conn. 2020) ("Ordinarily, a party who files a motion to dismiss under any provision of Rule 12 who neglects to specifically move to object to the validity of service of process under Rule 12(b)(5) waives any objection to service of process." (citing Fed. R. Civ. P. 12(h)(1)).

1. <u>Plaintiff fails to state a claim for a violation of the Fourth, Fifth, or Fourteenth Amendments.</u>

Plaintiff claims that the requirement that Plaintiff and her personal assistance employees use the EVVIE system to submit timesheets violates her right to privacy under the Fourth, Fifth, and Fourteenth Amendments.[7] ECF 1, at 2. The Court addresses each of these amendments in turn.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. Here, Plaintiff has alleged neither a search nor a seizure, and thus fails to state a claim for a Fourth Amendment violation under 42 U.S.C. § 1983.[8] *See Carpenter v. United States*, 585 U.S. 296, 304 (2018) (explaining that a search under the Fourth Amendment involves government intrusion into a private sphere where an individual holds a reasonable expectation of privacy); *Torres v. Madrid*, 592 U.S. 306, 312 (2021) ("[W]hen speaking of property, from the time of the founding to the present, the word 'seizure' has meant a 'taking possession.'" (cleaned up) (citation omitted)). Furthermore, even if the EVVIE requirements did in some way constitute a search or seizure, the actual input of timesheet data into a user's phone is completely voluntary, and thus is not violative of the Fourth Amendment. *See* ECF 1, at 1–3 (describing voluntary process of submitting timesheets); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)

---

[7] It is unclear whether Plaintiff intends to assert this claim on her own behalf or on behalf of her employees. *See* ECF 1, at 1–2 (describing the impact of the EVVIE system on employees and claiming that the EVVIE system "is a clear violation of the Rights to Privacy" but failing to specify *whose* rights). Plaintiff does not have standing to assert such a claim on behalf of her employees. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). As the Court is required to construe pro se complaints liberally, the Court interprets Plaintiff as bringing this claim on her own behalf.

[8] Though Plaintiff does not specify that these claims are brought pursuant to § 1983, it is well established that § 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 592 U.S. 306, 310 (2021).

6

("It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent.").

The Fifth Amendment, among other protections, provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "Privacy is not being protected by the Fifth Amendment—it is only the right to be free of testimonial self-incrimination." *United States v. Sasson*, 334 F. Supp. 2d 347, 366 (E.D.N.Y. 2004). There is nothing in Plaintiff's complaint to suggest any sort of self-incriminating testimony. *See* ECF 1, at 1–3 (making no mention of the criminal legal system or self-incrimination). As such, there can be no Fifth Amendment violation.

As relevant here, the Fourteenth Amendment provides rights to equal protection and due process. U.S. Const. amend XIV, § 1. The Fourth Circuit has found that the Fourteenth Amendment provides an informational right to privacy protecting "the individual interest in avoiding disclosure of personal matters. But that 'right to privacy' protect[s] 'only information with respect to which the individual has a reasonable expectation of privacy.'" *Payne v. Taslimi*, 998 F.3d 648, 655 (4th Cir. 2021) (quoting *Walls v. City of Petersburg*, 895 F.2d 188, 192 (4th Cir. 1990)). Here, Plaintiff asserts no right to privacy in the information which is disclosed through the EVVIE process. Indeed, as MDH and DDA point out, her requested relief is to be able to provide the same information via paper submissions, indicating that Plaintiff does not seek the protection of this information. *See* ECF 1, at 3 (requesting that employees be able to submit timesheet information via scanned paper and email); ECF 11-1, at 11 ("Ms. Shing is not complaining about the information being disclosed to Defendants."). To the extent that Plaintiff may believe that additional information is somehow gathered through the app, she has pled no facts to this effect. *See* ECF 1, at 1–3 (pleading no facts suggesting that the app gathers any

7

information other than the voluntarily entered timesheets). As such, Plaintiff states no claim for a violation of her Fourteenth Amendment rights.

Because Plaintiff fails to state a claim for a violation of her rights under any of the amendments mentioned in her complaint, her constitutional claims are dismissed.

### 2. Plaintiff fails to state a claim under the ADA.

The ADA was enacted to combat discrimination against people with disabilities. 42 U.S.C. § 12101(b). Plaintiff does not indicate in her complaint under which provision of the ADA she brings her claim, but, construing her complaint liberally, the Court interprets her claims as being brought under Title II of the ADA, which "forbids disability discrimination in the provision of public services." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 484 (4th Cir. 2005) (citing 42 U.S.C. § 12132). To state a claim under Title II, a plaintiff "must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Id.* at 498 (citing *Baird v. Rose*, 192 F.3d 462, 467–70 (4th Cir.1999)).

Here, Plaintiff has alleged both that she is disabled and that she is eligible to receive government benefits. ECF 1, at 1. No Defendants dispute this. *See* ECF 11-1, at 1 (acknowledging Plaintiff's disability and benefits); ECF 13, at 4 (same). But Plaintiff has failed to allege that she was "denied" her benefits or was "otherwise discriminated against" due to her disability. The facts underlying Plaintiff's claim are that a new system for submitting timekeeping reports has prevented some people from wanting to work for her, and this has caused her "undue hardship." ECF 1, at 2. While the learning curve required to adjust to a new technical process can be frustrating to anyone, Plaintiff has offered no facts to suggest that the EVVIE system implemented

by Defendants is in any way discriminatory on the basis of her disability. As such, she fails to state a claim under the ADA, and this claim must be dismissed.

### 3. Plaintiff fails to state claim for relief under the DDABRA.

"The DDABRA provides funding to assist state created and managed programs which are directed to the Act's purpose of assuring that developmentally disabled persons and their families have access to services and support." *Karaahmetoglu v. Res-Care, Inc.*, 480 F. Supp. 2d 183, 188 (D.D.C. 2007). Though Plaintiff asserts that Defendants' actions violate the DDABRA, she has not explained which provision is violated nor given any other indication as to what standard to apply in assessing this claim. *See* ECF 1, at 1–3 (identifying no provision of the DDABRA that Plaintiff alleges Defendants violated). Even applying liberal standards of construction, the Court cannot discern under which provision to assess this claim. It cannot be said that Plaintiff has stated a "plausible" claim for relief under the DDABRA by simply invoking its name. *See Ashcroft*, 556 U.S. at 678. As such, this claim, too, must be dismissed.

Though CMS's motion to dismiss is not yet ripe, the Court has the discretion to dismiss Plaintiff's complaint *sua sponte* for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that a court can dismiss an *in forma pauperis* complaint "at any time" if it finds that the complaint "fails to state a claim on which relief may be granted"). Because Plaintiff fails to state any claim for relief, her complaint is dismissed without prejudice.[9]

### B. Plaintiff failed to properly serve CMS before moving for default, and so the motion for default is denied.

Plaintiff moves for an entry of default against CMS on the basis that CMS failed to respond to Plaintiff's complaint within the time limits specified by Federal Rule of Civil Procedure 12.

---

[9] To the extent that the complaint is presented as a motion for a permanent injunction, ECF 1, it is **DENIED**.

ECF 25, at 1. CMS's counsel entered a limited appearance to notify the Court that CMS had not been properly served,[10] and CMS argued that the motion for default should therefore be denied. ECF 29, at 1–4.

According to Federal Rule of Civil Procedure 4(i)(2), in order to serve a United States Agency, such as CMS, a plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." To serve the United States, a plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). To serve CMS, an agency of the Department of Health and Human Services, a plaintiff must send a summons and complaint to "the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, DC 20201." 45 C.F.R. § 4.1.

Here, Plaintiff attempted to serve CMS only through serving process on Attorney General Merrick Garland on behalf of CMS. *See* ECF 6; ECF 10. Thus, Plaintiff never properly served CMS because she failed to send a summons and complaint to the United States Attorney for the District of Maryland and the Department of Health and Human Services. Since CMS was not properly served before Plaintiff moved for default, the motion for default, ECF 25, must be denied.

---

[10] Subsequently, on April 25, 2024, CMS filed a motion to dismiss. ECF 35. Through this motion, CMS likely waived any future opposition based upon improper service. *See Dubois v. Maritimo Offshore Pty Ltd.*, 454 F. Supp. 3d 173, 179 (D. Conn. 2020) ("Ordinarily, a party who files a motion to dismiss under any provision of Rule 12 who neglects to specifically move to object to the validity of service of process under Rule 12(b)(5) waives any objection to service of process." (citing Fed. R. Civ. P. 12(h)(1)). Still, the timeline set forth in Rule 12 is set based upon the date on which a defendant is served, regardless of a defendant's subsequent motions. *See* Fed. R. Civ. P. 12(a)–(b) (defining deadlines with respect to date of service).

## C. The remaining motions are moot.

With the dismissal of Plaintiff's complaint, the rest of her pending motions are now moot. As such, Plaintiff's motion for alternative dispute resolution, ECF 2, motion to amend, ECF 18, and motion for in-person hearing, ECF 27, are denied.

## IV. CONCLUSION

For the foregoing reasons, MDH's and DDA's motion to dismiss or, in the alternative, for summary judgment, ECF 11, is **GRANTED**. The Arc's motion to dismiss, ECF 13, is also **GRANTED**. Plaintiff's complaint, ECF 1, is **DISMISSED without prejudice.** Plaintiff is given **TWENTY-ONE DAYS** to file a proposed amended complaint. She is cautioned that, should she fail to do so, this case will be dismissed with prejudice. Moving forward in this case, **Plaintiff is required to seek leave of the Court before filing any motion.**

Plaintiff's motion for default, ECF 25, is **DENIED**. Plaintiff's motion for alternative dispute resolution, ECF 2, is **DENIED**. Plaintiff's motion for leave to amend, ECF 18, is **DENIED**. Plaintiff's motion for an in-person hearing, ECF 27, is **DENIED**.

A separate implementing Order will issue.


Dated: April 26, 2024
　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Brendan A. Hurson
　　　　　　　　　　　　　　　　　　United States District Judge